IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OCCUNET, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CV-039-Z-BR |
| | § | |
| PREMIER HEALTHCARE SOLUTIONS, | § | |
| INC. and TRPN DIRECT PAY, INC., | § | |
| | § | |
| Defendants. | § | |

## STANDING ORDERS

***Revised on 11/6/24. Please review carefully for updates. ***

This case is subject to the following standing orders, which concern: (1) compliance with the **local counsel** requirements of the Northern District of Texas; (2) required procedures for any **discovery disputes** that may arise in this case; and (3) required procedures for any motions for leave to **file documents under seal**.

### I.     ORDER TO OBTAIN LOCAL COUNSEL

The purpose of this Order is to direct the parties' attention to Local Rule 83.10, "Requirement of Local Counsel," and to order compliance with the local counsel requirements of the Northern District of Texas, to the extent necessary. This is a standing order, and the Court has not yet evaluated whether any of the parties in this case are required to obtain local counsel under the Local Civil Rules for the Northern District of Texas.

Pursuant to Local Rule 83.10(a), <u>if a party is represented by an attorney who does not reside or maintain his principal office in the Northern District of Texas, then that party must obtain local counsel</u>. N.D. Tex. Civ. R. 83.10(a).[1]

<u>If</u> a party in this case is required to obtain local counsel, then that party must designate an attorney who: (1) is a member of the bar of the Northern District of Texas; (2) resides and/or maintains his principal office in the Northern District of Texas; **and** (3) has a residence and/or principal office that is located <u>within 50 miles</u> of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, 205 East Fifth Street, Amarillo, Texas 79101. N.D. Tex. Civ. R. 83.10(a). Rule 83.10(b) specifies the duties of local counsel.

**<u>Any party who is required to obtain local counsel under Rule 83.10(a) is ORDERED to file an entry of appearance of local counsel within twenty-one (21) days of this Order</u>**. If any party enters an appearance after the date of this Order, and that party is required to obtain local counsel under Rule 83.10(a), then that party shall have **twenty-one (21) days** from the entry of such appearance to file the entry of appearance of local counsel.

A plaintiff's failure to comply with Local Rule 83.10 may result in a recommendation by the undersigned to the District Judge for dismissal without prejudice of this case without further notice. A defendant's failure to do so may subject the defendant to a recommendation by the undersigned to the District Judge for entry of default judgment without further notice.

---

[1] Attorneys appearing on behalf of the United States Justice Department or the Attorney General of the State of Texas are not subject to the local counsel requirement. *See* N.D. Tex. L. Civ. R. 83.11.

2

II. **<u>ORDER REGARDING POTENTIAL DISCOVERY DISPUTES</u>**

The purpose of this order is to inform all parties[2] of the Court's required procedures for any discovery disputes that may arise in this case. The Court expects the parties to make *serious* attempts to resolve all discovery issues without court intervention; however, if those attempts prove unsuccessful, the parties shall strictly adhere to the procedures set forth below, as well as any additional procedures outlined by the Court in the future. Failure to abide by this or any subsequent orders may result in the imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

If counsel for any party intends to file any type of motion related to discovery,[3] such counsel shall first contact opposing counsel and they shall meaningfully engage in two, separate phone calls to meet and confer in good faith as to a possible resolution of the discovery issues. These two calls should take place within a reasonable amount of time of each other, i.e., within a week or two of each other. If the parties are still experiencing any discovery issues they are unable to resolve after the two separate good-faith efforts to meet and confer, the parties will be ordered to file a collaborative letter brief with the Court.

Prior to filing the collaborative letter, counsel is to file a Joint Advisory with the Court that provides: 1) a one-paragraph summary of the nature of the discovery dispute; 2) the attempts to obtain discovery and the response(s) thereto; 3) the dates on which the two separate good-faith

---

[2] The requirements set out in this section of the order apply to all case-related discovery, including that which involves non-parties (e.g., issues related to a request for a non-party deposition or for the non-party to produce documents). <u>Counsel for any party that serves a discovery request upon a non-party shall also serve a copy of this order on counsel for the non-party or, if the non-party is not represented, on the non-party</u>.

[3] This includes, but is not limited to, Motions to Compel, Motions for Protective Order, Motions to Quash, Motions to Stay Discovery, Motions to Conduct Discovery in Phases, Motions to Conduct Discovery by Electronic Means, and Motions to Strike, as related to both written and oral discovery materials, but does *not* include motions under *Daubert* and its progeny to exclude expert testimony based on an expert's qualifications and/or opinions.

efforts to meet and confer occurred; and 4) the length, names of participants, and list of topics discussed at each of the two meet-and-confers.

After receiving the Joint Advisory, the Court will issue an Order detailing the requirements for the collaborative letter brief. Parties shall generally be prepared to collaboratively explain the dispute, the attempts to obtain the discovery and the response(s) thereto, in a back-and-forth exchange of the reasons for seeking, and for resisting, the requested discovery, including any applicable case citations.[4] The Court's Order will set a deadline for submission of the collaborative letter brief and will schedule an in-person or video conference before the Court to discuss the dispute. The Court's Order may also direct counsel to engage in further meetings with each other, either telephonically, via video, or in-person.

Any discovery motion that any party files without first having gone through this process of meet and confer, joint advisory, collaborative letter briefing, and conference before the Court will be ordered unfiled by the court. The meet and confer process shall not be used to circumvent the requirements for modification of the Court's Scheduling Order under Rule 16 of the Federal Rules of Civil Procedure or as a basis for requesting the Court's Scheduling Order be modified under Rule 16.

### III. ORDER REGARDING MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

The purpose of this order is to inform all parties of the undersigned's[5] required procedures for any motions for leave to file documents under seal. Under Local Rule 79.3, "[a] party may file

---

[4] The Court views a collaborative letter brief to mean more than mailing, emailing, or faxing a parties' portion of the letter brief to the opposing party to be inserted into a single document for filing. A collaborative letter brief requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so, prior to filing the final product.

[5] The parties are instructed to review any Standing Order of Reference entered in this case. If the presiding District Judge will be ruling on any motions connected to the documents required to be filed under seal, then the District Judge may have other requirements related to the sealing of documents and requests for leave to do so.

under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Civ. R. 79.3(a)–(b). Such motion <u>may</u> be filed under seal and <u>must</u> include the proposed sealed document as an exhibit. N.D. Tex. Civ. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge[.]" N.D. Tex. Civ. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C. R. Bard, Inc.*, No. 2:19-CV-180-Z, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). Recently, the Fifth Circuit admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

The Fifth Circuit explained the <u>two, distinct legal standards</u> related to sealed documents in *Binh Hoa Le*:

> The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed.

*Id.* at 418–19 (internal quotation marks, alterations, and citations omitted); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (explaining that "[d]ifferent legal standards govern protective orders and sealing orders").

The Fifth Circuit further explained that under the "stricter balancing test" for sealing records at the filing stage:

> judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests

> favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks, alterations, and citations omitted); *see also June Med.*, 22 F.4th at 520 (holding that "[p]ublicly available information cannot be sealed.").

If leave is not first requested, anything filed under seal will be stricken and unfiled. If any party files a motion for leave to file under seal but fails to meet the appropriate standard set forth in *Binh Hoa Le*, the motion will be denied. Motions simply stating in broad terms that the party seeks to file a document(s) under seal pursuant to an agreement between the parties will be denied.

For the parties' information, the Court's electronic filing system only allows parties to either file an entire document (including any attachments or exhibits) under seal **or** an entire document not under seal. As such, if a party wishes to file a document with multiple parts (*e.g.*, an appendix with several exhibits), and only some of those parts may be filed under seal, the party must file the sealed portions together and the non-sealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three non-sealed exhibits, that party must:

> 1. file part one of the appendix, with all the non-sealed exhibits, <u>not under seal</u> (*e.g.*, ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first non-sealed exhibit), ECF 40-2 (second non-sealed exhibit), and ECF 40-3 (third non-sealed exhibit)); and

> 2. file a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, <u>under seal</u> (*e.g.*, ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (*e.g.*, Exhibit A in an appendix) cannot be sealed in full but rather only contains specific sections within the document that can be sealed, then the party must divide that

document into multiple documents to ensure that only the portions of the document that must be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (*e.g.*, redacting[6] protected portions of the document prior to filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

IT IS SO ORDERED.

ENTERED April 18, 2025.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court notes that some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her social security number before filing a document in her appendix in support of her motion for summary judgment. Because she is not requesting the Court consider that information (*i.e.*, the social security number) when ruling on her motion for summary judgment, the plaintiff would not need to file a motion for leave to file an unredacted version of that document under seal.