IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OCCUNET, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CV-039-Z-BR |
| | § | |
| PREMIER HEALTHCARE SOLUTIONS, | § | |
| INC. and TRPN DIRECT PAY, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER TO SUBMIT CERTIFICATE OF INTERESTED PERSONS
AND JOINT PROPOSED SCHEDULING ORDER
AND SETTING RULE 16 SCHEDULING CONFERENCE**

**\* Certificate of Interested Persons Deadline: May 6, 2025 \***
**\* Rule 26(f) Conference Deadline: May 22, 2025 \***
**\* Joint Proposed Scheduling Order Due Date:  June 5, 2025 \***
**\* Rule 16 Scheduling Conference:  June 12, 2025 at 9:30 a.m. \***

Because of the Court's Rule 16(b)(2) obligation to issue a Scheduling Order, any request for an extension of the above Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause.[1]

I. RULE 16 SCHEDULING CONFERENCE

An initial pretrial and scheduling conference will be held before the undersigned **on June 12, 2025 at 9:30 a.m. central** in the Second Floor Courtroom of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, 205 S.E. 5th Ave., Amarillo, Texas. **Lead counsel for each party is required to attend in-person**.[2] The parties should be prepared

---

[1] The undersigned has previously found good cause to delay entry of a scheduling order pursuant to Rule 16(b)(2) on the grounds that agreed motions to continue the deadlines for each Defendant to answer or otherwise respond to Plaintiff's Complaint had been granted. (ECF 14 at 1; *see also* ECF 12). The Court now finds good cause for further delay due to the Court's schedule in May and to the pendency of another case brought by the current Plaintiff through the same counsel, seemingly unrelated to this case, but which may be ready for a Rule 16 conference around the same time, thus potentially conserving judicial resources.

[2] The undersigned determines lead counsel by the sole attorney so designated on the docket sheet. Although two or more attorneys may attempt to hold themselves out as "co-lead counsel," in the eyes of the undersigned, there is no such thing—there can only be one attorney who is *truly* lead counsel. Accordingly, the individual/person so designated as lead counsel per the Court's docket **must** appear at the Rule 16 conference. Additionally, if local counsel or other counsel is re-designated as lead counsel for purposes of the in-person appearance at the Rule 16 conference, then the undersigned fully expects that newly designated attorney to be lead counsel for the remainder of the case, and the undersigned will not look favorably upon future motions to re-designate lead counsel closer to trial.

Revised January 8, 2025

to address the information set forth in Section III(A) and (B) below and set forth in the parties' Joint Proposed Scheduling Order.

## II. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

*\*Contents are Amarillo-specific. Please adjust your filings accordingly.\**
*\*All proposed deadlines must be specific dates.\**

Section II.A.6.c. below refers to the **Certificate of Interested Persons** required by the local Civil Rules of the Court. **All parties in all cases are required to submit such a certificate, and it must include the required contents both under the local Civil Rules *and* under Federal Rule 7.1(a)(1)-(2) to the extent such rules are applicable.** For example, an individual litigant in a federal question case might not be required to submit a Federal Rule 7.1 Disclosure statement if the case were litigated in another court, but is required to submit a Certificate of Interested Persons by the local Civil Rules of the Northern District of Texas.

**Joint Proposed Scheduling Orders must be filed with the Clerk's Office.** The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. The Court will enter its own Scheduling Order after the Rule 16 Scheduling Conference is completed.

Proposed deadlines and dates shall be submitted in the form of dates certain (e.g., "December 11, 2020" and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines or between a deadline and a trial-related date.

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's proposals.

A. *Required Contents*.

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;

2. any challenge to jurisdiction or venue;

3. a statement as to the likelihood that other parties will be joined;

4. proposed time deadlines:

   a. to join other parties;
   b. to amend the pleadings;
   c. for parties seeking affirmative relief to designate expert witnesses;
   d. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);

    e. for parties opposing affirmative relief to designate expert witnesses;
    f. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
    g. for all parties to designate rebuttal expert witnesses;
    h. to object to the qualifications and/or competency of experts (*i.e., Daubert* and similar motions);
    i. to mediate the case;
    j. to complete discovery;
    k. to file dispositive motions, including motions for summary judgment;
    l. to file all other motions except motions in limine; and
    m. for filing Rule 26(a)(3) disclosures.
    n. a proposed ready for trial date (in non-consent cases) or a proposed trial date (in consent cases).[3]
    o. An estimate of the number of trial days and indicate whether a jury has been demanded.

5. the parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

    a. a statement as to whether <u>all</u> parties consent to have the Magistrate Judge conduct <u>all</u> proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c);

    If all parties consent, please file the consent form previously provided by the Clerk's office when the case was originally filed in federal court. If all parties do not consent, the statement need not identify the parties who do not consent;

    b. the current status of settlement negotiations, and a statement as to whether it is more appropriate to refer the case for private mediation or conduct a court-supervised settlement conference with a United States Magistrate Judge;

    c. the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons; and

7. any information the parties believe may help the Court in setting a schedule for the case.

---

[3] A "**proposed trial date**" <u>if</u> the parties have consented to the Magistrate Judge conducting <u>all</u> proceedings in this matter per paragraph II.A.6.a. If the parties have not so consented, then a "**ready for trial date**" the District Judge may consider as instructive <u>when setting this case for trial on his docket</u>.

B.  *Permitted Contents*.

The Joint Proposed Scheduling Order **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502; and

6. proposals pertaining to any other appropriate matters.

### III. MOTIONS TO MODIFY SCHEDULING ORDER

A scheduling order may be modified "only for good cause" and with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). **Motions to extend deadlines in the Scheduling Order shall address the following four factors** regarding good cause: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

### IV. MOTIONS FILED PRIOR TO REMOVAL OR TRANSFER

**If this case has been either removed to federal court or transferred from another federal district or division**, and the parties filed any motions either in state court prior to removal or in another federal court prior to transfer to this Court, and those motions were not previously ruled on, then it is the responsibility of the parties to re-urge any pending motion with this Court. The Clerk of the Northern District is not responsible for docketing pending motions when cases are removed.  If parties do not re-urge any pending motions, this Court will not consider those motions.

### V. INITIAL DISCLOSURE REQUIREMENTS AND OBJECTION PROCEDURE

The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

## VI. SCHEDULING ORDERS ENTERED BEFORE ALL PARTIES APPEAR

Under Federal Rule of Civil Procedure 16, a "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The time within which the Court must issue a scheduling order is based on the appearance of or service on *any* defendant. In a multi-defendant case, if the Court enters an order relating to scheduling under Rule 16 before all defendants are served or appear, plaintiff(s) or plaintiff's counsel shall provide all later-appearing defendants a copy of such order(s) by the most effective means available.

    IT IS SO ORDERED.

    ENTERED April 21, 2025.

*[Signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE