IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OCCUNET, LLC, § § *Plaintiff,* § § v. § § PREMIER HEALTHCARE § SOLUTIONS, INC. AND TRPN § DIRECT PAY, INC., § § *Defendants.* § | CASE NO. 2:25-cv-00039-Z-BR *District Judge* Honorable Matthew J. Kacsmaryk *Magistrate Judge* Honorable Lee Ann Reno |

**PLAINTIFF OCCUNET, LLC'S UNOPPOSED**
**MOTION FOR CONTINUANCE OF THE SCHEDULING CONFERENCE**

Plaintiff OccuNet, LLC ("Plaintiff" or "OccuNet") files this Unopposed Motion for Continuance of the Scheduling Conference ("Motion")[1] currently set for June 12, 2025, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.2, and respectfully requests that the Court reset the scheduling conference to a date on or after June 23, 2025, for the reasons set forth below:

1. A scheduling order may be modified only for good cause and with the court's approval. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). A motion to extend deadlines set forth in a scheduling order must address the following four factors relevant to establishing good cause: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W*

---

[1] This Motion is supported by the affidavit of Douglas A. Daniels, attached hereto as Exhibit A.

*Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

2. As stated in the Court's April 21, 2025 Order (ECF No. 16) (the "Order"), the Rule 16 scheduling conference is set for June 12, 2025, at 9:30 a.m. (the "Scheduling Conference"). The Court has directed that designated lead counsel shall personally appear at the Scheduling Conference. The Order further advises that re-designation of lead counsel for purposes of attending the Scheduling Conference is strongly disfavored and cautions that the Court will not look favorably upon any future request to substitute lead counsel at a later stage of the case.

3. Douglas A. Daniels is the attorney-in-charge and designated as lead counsel for Plaintiff on the docket. Plaintiff desires that Mr. Daniels continue to serve as lead counsel throughout the remainder of this case.

4. Unfortunately, Mr. Daniels is required to appear for a preferentially set trial beginning June 9, 2025, in a separate state court case pending in the 215th District Court of Harris County, Texas ("215th District Court"), identified by Cause No. 2023-35339 (the "State Court Lawsuit"). That trial is expected to last one and a half to two weeks. It is unlikely the State Court Lawsuit will be resolved before proceeding to trial on the merits. A true and correct copy of the order setting the State Court Lawsuit for a preferential trial beginning June 9, 2025, is attached hereto as Exhibit B.

5. On April 24, 2025, Plaintiff's counsel contacted Ms. Bonnie Lugo, the

Court Coordinator for the 215th District Court in the State Court Lawsuit and confirmed that the case remains preferentially set for trial beginning June 9, 2025. Plaintiff respectfully advises the Court that this trial setting presents a direct conflict with the Court's requirement that Mr. Daniels appear in person for the Scheduling Conference.

6. It is important for Mr. Daniels to attend the Scheduling Conference not only to comply with the Court's Order, but also to facilitate efficient and informed case management. As the attorney most familiar with the facts, legal issues, and strategy, Mr. Daniels is best equipped to address any questions from the Court, engage with opposing counsel on scheduling matters, and present argument or clarification if necessary. In addition, Mr. Daniels' in-person participation supports the Court's ability to confer directly with the attorney responsible for the conduct of the litigation.

7. There is no discernible prejudice to Defendants or to the progress of this case if the Scheduling Conference is continued. The parties are in the early stages of litigation, and no Scheduling Order has yet been entered. The requested continuance concerns only the date of the Scheduling Conference and does not seek to delay any additional deadlines. Moreover, the motion is unopposed—Plaintiff has conferred with counsel for Defendants, who have indicated no objection to the requested relief.

8. To the extent any potential inconvenience may arise from a continuance, it can be fully remedied by resetting the Scheduling Conference to a

date shortly after the conclusion of the conflicting trial, which is expected to last no more than two weeks. Plaintiff respectfully submits that rescheduling the conference to a date on or after June 23, 2025, or to another date convenient to the Court, will accommodate the scheduling conflict without causing any meaningful disruption to the administration of this case.

9. Plaintiff therefore requests that the Court continue the Scheduling Conference to a date on or after June 23, 2025, or another date convenient to the Court, to allow Mr. Daniels to fulfill his obligations in the preferentially set State Court Lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant this Unopposed Motion for Continuance of the Scheduling Conference to a date on or after June 23, 2025, and for such other and further relief to which it may be justly entitled.

Dated: April 28, 2025            Respectfully submitted,

*/s/ Douglas A. Daniels*
Douglas A. Daniels
*Attorney-in-Charge*
Texas State Bar No. 00793579
Doug.daniels@dtlawyers.com
DANIELS & TREDENNICK PLLC
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile

**LEAD COUNSEL**

**OF COUNSEL:**

DANIELS & TREDENNICK PLLC
Jordan T.J. Howes
Texas State Bar No. 24107293
Jordan@dtlawyers.com
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile
(*Admission Application Pending*)

**LOCAL COUNSEL**

MORGAN WILLIAMSON LLP
Christian D. Stewart
State Bar No. 24013569
cstewart@mw-law.com
701 South Taylor, Suite 440
Amarillo, Texas 79101
Telephone: (806) 358-8116
Facsimile: (806) 350-7642

***ATTORNEYS FOR PLANTIFF***
***OCCUNET, LLC***

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on this day, April 28, 2025, via the Court's CM/ECF system.

                                      */s/ Douglas A. Daniels*
                                      Douglas A. Daniels

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred via email with Defendants Premier Healthcare Solutions, Inc.'s and TRPN Direct Pay, Inc.'s counsel on April 25, 2025, regarding the relief requested herein. By reply email on that same date, counsel for both Defendants stated that they are not opposed to the relief requested. Premier's lead counsel did indicate, however, that he is in arbitration the entire week of June 23, 2025, and traveling from July 7–10, 2025, and, therefore, unavailable on those dates.

                                      */s/ Jordan T.J. Howes*
                                      Jordan T.J. Howes